```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**EQUITABLE PRODUCTION CO.,**
**a Pennsylvania corporation,**

      **Plaintiff,**

**v.**                               **CIVIL ACTION NO. 2:08-00076**

**ELK RUN COAL COMPANY, INC.,**
**a West Virginia corporation**
**d/b/a BLACK CASTLE MINING**
**COMPANY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of plaintiff Equitable Production Company ("Equitable") to deem admitted certain allegations set forth in its complaint (Doc. No. 10), as well as the response thereto of defendant Elk Run Coal Company, Inc. ("Elk Run") (Doc. No. 13). For the reasons set forth below, the motion is denied.

### I. Background

Plaintiff's motion addresses two paragraphs of its complaint. Paragraph Seven alleges as follows:

> The existence and location of H-163 [pipeline] was well known to Black Castle, its employees, agents and affiliates, with the location being described upon certain mining plans, maps and other documents prepared by them, their employees, agents, and contractors or designates. Upon information and belief, EPC alleges maps and diagrams depicting the location of H-163 were posted in the offices of Black Castle or were otherwise

      readily accessible and available for use in connection with Black Castle's operations upon the subject property.

(Doc. No. 1 ¶ 7.)

    Plaintiff contends that Elk Run's answer to this paragraph does not conform to the requirements of Federal Rules of Civil Procedure 8(b)(1)(A), 8(b)(2), and 8(b)(4).  (Doc. No. 10 at 2.)  Plaintiff's motion quotes defendant's answer as follows: "Elk Run admits, to the extent it is alleged in Paragraph 7 of the Complaint that the *purported* location of the natural gas line that is the subject of this dispute was *purportedly* shown on certain maps and plans."*  (Doc. No. 11 at 2.)  The remainder of Elk Run's answer to Paragraph Seven, which is omitted entirely from plaintiff's motion, states that "Elk Run denies all remaining allegations contained [in Paragraph Seven]."  (Doc. No. 5 ¶ 7.)

    Paragraph Eight of Equitable's complaint alleges that "[t]he location of H-163 [pipeline] was properly marked with permanent markers as well as 'line of sight' markers, and the right of way areas were properly maintained and mowed in order that the location of the line was clearly visible."  (Doc. No. 1 ¶ 8.)  Equitable quotes Elk Run's answer to this paragraph as "admitting [upon information and belief] 'that the location of the natural

---

    * The italics used in quoting Elk Run's answers to Paragraphs Seven and Eight reflect emphasis added in Equitable's motion, an alteration properly indicated by Equitable.  (See Doc. No. 11 at 2.)

gas line that is the subject of this dispute was *purportedly* marked and the right of way areas at issue were *allegedly* maintained to the extent the same is alleged in Paragraph 8 of the Complaint." (Doc. No. 11 at 2.)  Again, Equitable neglected to quote the remainder of Elk Run's answer to Paragraph Eight: "Elk Run denies the remaining allegations contained [in Paragraph Eight]." (Doc. No. 5 ¶ 8.)

## II.  Analysis

Pursuant to Federal Rule of Civil Procedure 8(b), in responding to a pleading, a party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).  Where a party denies an allegation against it, its denial must fairly respond to the substance of that allegation.  Fed. R. Civ. P. 8(b)(2). Furthermore, "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(4).  Where the party fails to deny an allegation other than one relating to the amount of damages, that allegation is deemed admitted if a responsive pleading is required.  Fed. R. Civ. P. 8(b)(6).

It is evident that, in its answers to Paragraphs Seven and Eight, Elk Run intended a somewhat delicate parsing of Equitable's allegations.  In essence, it appears to dispute the

accuracy of the pipeline location as depicted on certain maps and as marked on-site.  Importantly, Elk Run specifically and unequivocally denied the remainder of the allegations set forth in the paragraphs at issue, thus satisfying the requirements of Rule 8(b).

Equitable's omission of defendant's general denial is troubling, as the language it excluded from its quotations was certainly relevant to the issue at hand.  Because defendant's answer is part of the record and thus readily available to the court, however, the court will give plaintiff's counsel the benefit of the doubt and conclude that the omission was not made in bad faith.  The court thus denies Elk Run's request for costs incurred in responding to the motion.  (See Doc. No. 13 at 4.)

### III.  Conclusion

Because defendant's answers to Paragraphs Seven and Eight of the complaint comply with the requirements of Rule 8(b) of the Federal Rules of Civil Procedure, the court **DENIES** plaintiff's motion under Rule 8(b)(6).  (Doc. No. 10.)

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 22nd day of July, 2008.

ENTER:

David A. Faber
United States District Judge