```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**EQUITABLE PRODUCTION COMPANY,**
**a Pennsylvania corporation,**

      **Plaintiff,**

**v.**                            **CIVIL ACTION NO. 2:08-00076**

**ELK RUN COAL COMPANY, INC.,**
**a West Virginia corporation**
**d/b/a BLACK CASTLE MINING**
**COMPANY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's objections (Doc. No. 34) to Magistrate Judge Mary E. Stanley's discovery order of October 3, 2008 (Doc. No. 27), as well as several related motions.

### I. Introduction

Plaintiff Equitable Production Company ("Equitable") filed its complaint in this court on January 31, 2008, asserting three causes of action arising from a February 1, 2006, incident in which a natural gas pipeline owned and operated by plaintiff was ruptured. (Doc. No. 1.) The pipeline at issue was situated on or near property in Boone County, West Virginia, with respect to which defendant Elk Run Coal Company, Inc. ("Elk Run"), held a permit to conduct mining operations. (Id. at 2; Doc. No. 5 at

2.)  Equitable contends that the damage to the pipeline occurred when an employee of the defendant negligently struck the pipeline while operating a bulldozer.  (Doc. No. 1 at 3-4.)  Counts One and Three of the complaint assert causes of action for negligence and trespass, respectively, while Count Two asserts a cause of action for breach of contract relating to a "blasting waiver agreement" entered into by the parties on June 5, 2002.  (Id. at 4-7; Id. Ex. B.)  Among other damages, Equitable seeks an award of its attorney's fees and costs incurred in prosecuting this action.  (Doc. No. 1 at 7.)

On August 19, 2008, Elk Run filed a Motion to Exclude Damages Evidence and Alternative Motion to Compel Initial Disclosures, arguing that plaintiff had produced insufficient documentation under Federal Rule of Civil Procedure 26(a)(1)(A)(iii) with respect to damages it claims as a result of services rendered by plaintiff's attorneys and a third party contractor, CC Technologies.  (Doc. No. 19.)  Equitable had heavily redacted portions of the invoices it produced in support of these damages, asserting that they revealed plaintiff's litigation strategy and were subject to the attorney-client privilege.  (Doc. No. 20.)

On October 3, 2008, Magistrate Judge Mary E. Stanley entered a Memorandum Opinion and Order granting Elk Run's motion to the extent it sought production of plaintiff's attorney and

consultant invoices in their entirety.  (Doc. No. 27 at 12.)  In so ruling, Magistrate Judge Stanley found that plaintiff, in asserting a claim for attorney's and consultant fees, had waived any protection afforded it by the attorney-client privilege or the work product doctrine.  (Id. at 7-12.)  This finding was based in large part on a decision of the United States Court of Appeals for the District of Columbia Circuit, Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Company, 129 F.3d 143 (D.C. Cir. 1997).  Accordingly, she ordered Equitable to produce unredacted copies of the invoices sought by defendant.  (Id. at 12.)  To the extent the motion to compel sought exclusion of damages evidence and an award of fees and costs incurred in bringing the motion, it was denied.  (Id.)

    Equitable filed timely objections to the magistrate judge's order pursuant to Federal Rule of Civil Procedure 72(a).  (Doc. No. 34.)  Plaintiff contends that the magistrate judge erred in relying on Ideal, which Equitable contends is easily distinguishable from this case.  "In this case," plaintiff observes, "unlike Ideal, the underlying suit has not yet been resolved and liability for attorney and consultant fees has not yet been established."  (Id. at 6.)  Equitable also distinguishes Ideal on the basis that it involved only an indemnity claim, whereas Equitable also asserts claims for negligence and trespass in this action.  (Id. at 7.)  Rather than applying the reasoning

of Ideal, plaintiff argues, the magistrate judge ought to have applied that of Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999), and denied the motion to compel. (Id. at 8-9.) Defendant asserts that the issue was correctly decided, and refers the court to the briefs it submitted on the underlying motion. (Doc. No. 39.)

On October 31, 2008, Elk Run filed a motion to enforce the magistrate judge's October 3rd Memorandum Opinion and Order. (Doc. No. 37.) Citing Local Rule of Civil Procedure 72.2,[1] Elk Run notes that the magistrate judge's order has not been stayed pending review of plaintiff's objections. (Doc. No. 38 at 2.) On the same date, Elk Run filed a motion to compel with respect to interrogatories and requests for production of documents it served on plaintiff on September 9, 2008. (Doc. No. 36.) This motion was referred to Magistrate Judge Stanley for disposition, as was Elk Run's third motion to compel, filed on December 12, 2008. (Doc. No. 56.)

On November 12, the magistrate judge entered a proposed protective order submitted jointly by the parties, pursuant to which Equitable filed under seal its unredacted attorney invoices for services provided in 2008. (Doc. Nos. 45, 48.) On the same

---

[1] Rule 72.2 provides that "[w]hen an objection to a magistrate judge's ruling on a non-dispositive pretrial motion is filed pursuant to [Federal Rule of Civil Procedure 72(a)], the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or by a district judge."

-4-

date, Equitable filed its response to the motion to enforce, asserting that these documents, in addition to invoices produced by CC Technologies on November 3, constituted compliance with Magistrate Judge Stanley's October 3 Memorandum Opinion and Order. (Doc. No. 44.) Elk Run takes issue with plaintiff's assertions, arguing that Equitable must still submit unredacted invoices for services provided in 2006 and 2007, and that it is entitled to its fees and costs incurred in compelling Equitable's compliance. (Doc. No. 47.)

Additionally, both parties have since moved to amend the scheduling order in this matter. On November 20, 2008, Elk Run moved to modify the scheduling order, citing Equitable's failure to cooperate in the discovery process and to comply with the magistrate judge's order. (Doc. No. 49.) Equitable later moved to modify the scheduling order and for leave to file an amended disclosure under Federal Rule of Civil Procedure 26(a)(1). (Doc. No. 52.) In its motion, plaintiff contends that the "production of CC Technologies documents has been resolved and is not an issue." (Id. at 3.) Equitable further explains that it only seeks to recover attorney's fees incurred in the preparation, filing, and litigation of this action, and that the 2008 invoices already produced are the only relevant documents supporting this damages claim. (Id. at 4.) As such, plaintiff asks that it be allowed to amend its disclosure to clarify that the invoices Elk

Run seeks for the years 2006 and 2007 are not relevant to the fees being sought in this action.[2] (Id.)

## II. Analysis

### A. Plaintiff's Objections to the Magistrate Judge's Order and Defendant's Motion to Enforce the Same

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may seek district court review of a magistrate judge's order on a nondispositive matter by filing objections to the order within ten days after being served with a copy. The rule provides, however, that "[a] party may not assign as error a defect in the order not timely objected to." Id. Rule 72(a) dictates that the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Although plaintiff filed timely objections, it appears that the issues raised thereby are now moot. Equitable contended that the magistrate judge erred in finding that it had waived any privilege applicable to the attorney and consultant invoices

---

[2] On December 15, 2008, Elk Run submitted an untimely response to plaintiff's motion to modify. (Doc. No. 57.) While Elk Run does not oppose a modification of the current scheduling order, it does take issue with the proposed amendment to plaintiff's Rule 26(a)(1) disclosures, and argues that it is entitled to attorney invoices for the years 2006 and 2007, regardless of the proposed amendment. (Id.) Although Elk Run's brief was submitted beyond the time period provided in Local Rule of Civil Procedure 7.1, the court has reviewed it and is not persuaded by defendant's argument.

sought by Elk Run. (Doc. No. 34 at 7-9.) Without moving to stay the magistrate's order and while its objections were still pending, however, Equitable disclosed unredacted copies of its 2008 attorney invoices, apparently in connection with settlement negotiations between the parties. (See Doc. No. 52 at 3.) Moreover, in response to a subpoena duces tecum, CC Technologies has now produced all documents relating to this action.[3] (Id.)

It appears that the sole issue remaining from Equitable's objections – whether it should be compelled to disclose its unredacted attorney invoices for the years 2006 and 2007 – will be resolved by the amendment plaintiff wishes to make to its Rule 26(a)(1) disclosures. (See Doc. No. 52 at 4.) Accordingly, the court **OVERRULES** plaintiff's objections as **MOOT**. (Doc. No. 34.) Likewise, the court **DENIES AS MOOT** Elk Run's motion to enforce the magistrate's order. (Doc. No. 37.)

B.  **Motions to Modify the Scheduling Order**

Equitable asserts that permitting it to amend its June 27, 2008, supplemental discovery disclosure to clarify the amount of attorney's fees it seeks will resolve any remaining question as to whether it has fulfilled its disclosure obligations under Rule

---

[3] To the extent Elk Run argues that CC Technologies' compliance with a subpoena duces tecum "does not excuse Equitable from complying with its obligations under the Federal Rules of Civil Procedure," (Doc. No. 47 at 1-2), the court notes that the amended supplemental discovery disclosures Equitable has submitted (Doc. No. 52 Ex. 5) also address the CC Technologies documents.

26(a)(1). (Doc. No. 52 at 4.) Plaintiff explains that it does not seek to change its theory of liability or to increase the amount of damages sought in this action, and contends that Elk Run will not be prejudiced by the proposed amendment. (Id.) For good cause shown, the court **GRANTS** plaintiff's motion for leave to file an amended Rule 26(a)(1) disclosure in the form attached to plaintiff's motion as Exhibit 5.

Pursuant to Local Rule of Civil Procedure 16.1(f), the requirements of the court's scheduling order may be modified for good cause by court order. Having concluded that the delay caused by resolution of the discovery disputes in this matter constitutes good cause, the court hereby **GRANTS** the motions to modify the court's scheduling order. (Doc. Nos. 49, 52.) Because defendant's second and third motions to compel (Doc. Nos. 36, 56) are currently referred to the magistrate judge for disposition, the court **DIRECTS** the magistrate judge, upon ruling on the motions to compel, to enter a revised scheduling order addressing the parties' concerns with the court's current deadlines.

### III. Conclusion

Finding no issues remaining from Equitable's objections to Magistrate Judge Stanley's October 3, 2008, discovery order, the court **OVERRULES** plaintiff's objections (Doc. No. 34) as **MOOT** and **DENIES AS MOOT** Elk Run's motion to enforce the magistrate's order

(Doc. No. 37). The court further **GRANTS** Equitable's motion for leave to file an amended Rule 26(a)(1) disclosure (Doc. No. 52), as well as the parties' respective motions to modify the court's scheduling order (Doc. Nos. 49, 52). As set forth above, the court **DIRECTS** Magistrate Judge Stanley to enter a revised scheduling order addressing the parties' concerns with the requirements of the court's current scheduling order.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Magistrate Judge Mary E. Stanley, to all counsel of record, and to any unrepresented party.

It is **SO ORDERED** this 17th day of December, 2008.

ENTER:

David A. Faber
United States District Judge